Robert CHAVEZ; et al., Plaintiffs— Appellants,

v.

CITY OF LOS ANGELES; et al., Defendants—Appellees.

No. 02–56789.

D.C. No. CV–00–08251–NMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Sept. 30, 2004.

Rochelle Evans Jackson, Law Offices of Rochelle Evans Jackson, Orange, CA, for Plaintiffs–Appellants.

Daniel P. Aguilera, Rockard J. Delgadillo, Office of the City Attorney, Los Angeles, CA, for Defendants–Appellees.

Before BEEZER and KOZINSKI,

Circuit Judges, and SCHWARZER,*
District Judge.

## MEMORANDUM**

### 1.

█ The district court properly granted summary judgment on Chavez's hostile work environment claim under California's Fair Employment and Housing Act ("FEHA"). Viewing the evidence in the light most favorable to Chavez, the instances of alleged harassment were not sufficiently severe or pervasive to alter the conditions of his employment. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 786–88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Manatt v. Bank of America, NA,* 339 F.3d 792, 798–99 (9th Cir.2003).

### 2.

█ The district court properly granted summary judgment on the Chavezes' 42 U.S.C. § 1983 claim alleging that the City deprived the Chavez family of its Fourth Amendment privacy rights by conducting abusive surveillance or overflights in LAPD helicopters. Chavez presented no evidence showing that the City or the LAPD had a custom or policy of conducting harassing overflights of officers or citizens. *See Gibson v. County of Washoe,* 290 F.3d 1175, 1185–86 (9th Cir.2002); *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### 3.

█ Summary judgment is appropriate on the majority of Chavez's retaliation claims. Chavez failed to produce sufficient evidence of a causal link between his protected activity and his removal from patrol duty and reassignment to administrative duties after his return from extended stress leave. *See Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987) (citing *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982)); *see also Coszalter v. City of Salem,* 320 F.3d 968, 978 (9th Cir.2003). There is no triable issue of fact to support a causal link between any allegedly inadequate response to Chavez's complaint and the protected activities. *See Coszalter,* 320 F.3d at 978.

Chavez failed to produce specific and substantial evidence showing that the City's reasons for suspending him upon investigation of a citizen complaint were pretext for a retaliatory motive. *See Vasquez v. County of L.A.,* 349 F.3d 634, 641–42 (9th Cir.2003).

The district court did not address whether the temporary rescission of Chavez's transfer constituted an adverse employment action for purposes of his FEHA retaliation claim. We have held that denying a transfer or making a transfer unavailable because of an employee's involvement in protected activity may constitute adverse employment action. *McAlindin v. County of San Diego,* 192 F.3d 1226, 1239 (9th Cir.1999) (citing *Bouman v. Block,* 940 F.2d 1211, 1229 (9th Cir.1991)).[1] If, on

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. California courts disagree on the definition of "adverse employment action" for purposes of a retaliation claim under the California FEHA. *Compare Yanowitz v. L'Oreal USA, Inc.,* 131 Cal.Rptr.2d 575, 596 (Cal.Ct.App. 2003), (defining "adverse employment action" as an action that is "reasonably likely to deter" employees from engaging in protected activity), *with Akers v. County of San Diego,* 95 Cal.App.4th 1441, 116 Cal.Rptr.2d 602, 612 (2002) (holding that the conduct must result in a "substantial and material adverse change in the terms and conditions of the plaintiff's

remand, the district court determines that the delay in Chavez's transfer constituted an adverse employment action, there is a genuine issue of material fact as to the existence of a causal link between that act and Chavez's complaints.

### 4.

■ Genuine issues of material fact exist with regard to Chavez's California FEHA discrimination claim. If it is found that Chavez was reassigned to a less desirable position without the opportunity for overtime pay, his reassignment likely constitutes an adverse employment action. *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847–48 (9th Cir.2004) (holding that denial of opportunity to earn overtime pay can be an adverse employment action); *Iwekaogwu v. City of L.A.*, 75 Cal.App.4th 803, 89 Cal.Rptr.2d 505, 514 (1999) (denial of overtime constitutes an adverse employment action).

■ Unlike Chavez's temporary suspension, there is a genuine issue of material fact as to whether the City's proferred reason for reassigning Chavez from patrol duty to administrative duty days after his return from stress leave was pretext for discrimination. Chavez has presented evidence from which a jury could infer that the City's legitimate nondiscriminatory reason for removing him from patrol duty, following the City's custom and practice of requiring officers returning to patrol after extended stress leave to obtain clearance from Behavioral Sciences Services and a fitness for duty evaluation from Central Receiving, was pretext for discrimination. *See Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 569–70 (9th Cir.2004); *see also Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 506 (9th Cir.1989).

### 5.

We AFFIRM the district court's grant of summary judgment on Chavez's claims of disability harassment under California's FEHA, all but one of Chavez's FEHA retaliation claims and the 42 U.S.C. § 1983 claims.

The Chavezes did not sufficiently argue their nuisance claim on appeal to this court, so it is waived. *See* Fed. R.App. P. 28(a)(9)(A); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 n. 3 (9th Cir.2000). The Chavezes also fail to present argument in support of their appeal of the district court's grant of summary judgment for the City on their First and Fourteenth Amendment claims and their claim of violation of their privacy rights under the California Constitution. *Id.*

We REVERSE and REMAND on Chavez's FEHA discrimination claim and his retaliation claim based on his rescinded transfer. On remand, the district court may exercise its discretion as to whether it will retain supplemental jurisdiction over the remaining state claims. *See* 28 U.S.C. § 1367; *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 942 n. 19 (9th Cir.2004). Neither party shall recover costs.

**AFFIRMED in part, REVERSED in part and REMANDED.**

---

employment"). The California Supreme Court has granted review in *Yanowitz. See*

*Yanowitz v. L'Oreal USA, Inc.*, 135 Cal. Rptr.2d 62, 69 P.3d 978 (2003).